IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Case No. CCB-19-0022 |
| DONTRAY JOHNSON | * | |

\* \* \* \* \* \* \* \* \* \* \*

## MOTION TO COMPEL *BRADY* DISCLOSURE

Dontray Johnson, through his attorney, C. Justin Brown, Brown Law, respectfully moves this Honorable Court, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), to order the Government to provide information about its review of telephone records. In support of this Motion, Johnson states the following:

1. Johnson is charged with witness retaliation, in violation of 18 U.S.C. § 1513(b)(1). He is scheduled for trial on November 18, 2019.

2. In routine discovery, the Government provided the defendant with summary logs documenting its review of recorded jailhouse telephone calls. The Government initially provided the logs for Dontray Johnson and Corey Hammond. Hammond is the defendant against whom the victim in this case testified, and on whose behalf Johnson allegedly committed witness retaliation. Later, the Government provided a log for the phone calls of Jerome Holloway, a third detainee who allegedly played a role in the alleged act of witness retaliation.

3.       Upon reviewing the logs, undersigned counsel informally requested that the Government identify the individuals who produced the summary call logs. It is possible that Johnson will want to call them as witnesses at trial.

4.       The Government refused to identify the individuals who collectively produced the summary logs. The explanation for this refusal was that the prosecutor believes the evidence is not admissible, and therefore it need not be turned over.

5.       The information contained in the logs is potentially exculpatory. It helps show that there was no telephonic link between Johnson and Hammond. It also shows there were no unusual phone calls involving either Johnson or Hammond around the time of the incident. It is the type of evidence that Johnson may want to introduce at trial.

6.       Under *Brady v. Maryland*, evidence favorable to the defendant must be turned over to the defense. Here, the Government has turned some of the evidence over, but it has done so in a manner that makes it impossible for the Defendant to use that evidence at trial. Because the Government refuses to identify who produced the summary logs, and who analyzed them as part of the investigation, the Defendant does not know who to call as a witness at trial to introduce the evidence.

WHEREFORE, for the above reasons, the Defendant respectfully requests that this Honorable Court order the Government to identify all individuals who participated in the production and analysis of the call logs, and state each

individual's role in a clear manner so that Defendant knows who to subpoena for trial if he wishes to introduce this evidence, in any form, at trial.

Respectfully Submitted,

_____/s/_____
C. Justin Brown
BROWN LAW
1 N. Charles St., Suite 1301
Baltimore, Maryland 21201
Tel: 410-244-5444
Fax: 410-934-3208

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2019, a copy of this Motion was served on all parties via CM/ECF.

_____/s/_____
C. Justin Brown